## JOHN GLASER *vs.* THOMAS M. ROUNDS.

In an action by the indorsee of a promissory note against the indorser, it appeared that no presentment and demand had been made on the maker, and no notice of presentment and non-payment had been given to the indorser. The plaintiff indorsee introduced evidence in excuse, that the maker's shop was closed, that the maker was said to have absconded, and that subsequently the defendant indorser promised to pay the note.

*Held*, that the excuse was insufficient, as it appeared that the maker had a domicil in the State, and no presentment nor demand was made at the domicil.

*Held*, further, that the defendant indorser's promise to pay was null unless it affirmatively appeared that the promise was given with full knowledge of the plaintiff indorsee's *laches*.

DEFENDANT'S petition for a new trial.

This action is *assumpsit* against the indorser of a promissory note, brought in the Court of Common Pleas. After verdict for the plaintiff in that court, the defendant filed in this court his petition for a new trial, claiming that the verdict was against the evidence.

*May* 25, 1888. DURFEE, C. J. This is *assumpsit* on a promissory note for $300, dated May 8, 1878, made by Henry C. Jones, payable four months after date to the defendant or order, and by him indorsed to the plaintiff. On trial the jury found for the plaintiff. The defendant petitions for a new trial on the ground that the verdict was against the evidence. There was no evidence to show that the plaintiff presented the note to the maker or made demand on him for payment when it fell due, or that he gave the defendant notice of its presentment and non-payment. The plaintiff does not claim that he gave the notice. He admits that he made no presentment or demand, but sets up in excuse that the maker had absconded before the note fell due. The only evidence which he offered to prove this was that the maker's shop was closed, and he was told that the maker had "skipped." He did not inquire for him at his house, or demand payment there. We do not think he makes out any proper excuse for not doing this; for, supposing that the maker had absconded, still, if he had any known domicil within the State, as from the testimony he seems to have had, it was incumbent on the plaintiff to make presentment or demand there in order to charge the defendant. *Dennie* v. *Walker*, 7 N. H. 199; *Wheeler and another* v. *Field*, 6 Metc. 290; *Pierce and another* v. *Cate*, 12 Cush. 190. There was, however, no evidence that the maker had absconded, except hearsay merely. The defendant testified that the maker remained at his house until after the note fell due, though he subsequently disappeared. The plaintiff, however, testified that he met the defendant about a year after the note fell due, and the defendant then promised him to pay it. The plaintiff's counsel testified that the

defendant promised him to pay the note in the fall of 1882. The plaintiff relies on these promises as a waiver of demand and notice. The defendant denies having made them, and claims that the promises, if made, do not amount to a waiver unless they were made with knowledge of the plaintiff's defaults, and the plaintiff had offered no evidence to prove his knowledge of them, though the burden of proving it was upon him. On examining the report of testimony as allowed, we do not find that any evidence was adduced by the plaintiff in proof of this, and therefore, if the burden of proving it is on him, a new trial must be granted.

The cases on this point are somewhat variant, but the main current of decision in this country is to the effect that, while the promise of an indorser after maturity to pay the note is *primâ facie* evidence of due demand and notice, 1 Parsons on Bills and Notes, 621, yet, if the fact appears that there have been *laches* on the part of the holder, in that case such a promise by the indorser will not render him liable, unless it also appears that the promise was made with full knowledge of the fact that he had been discharged by the *laches;* or, to state the rule in other words, where the indorser has been discharged by the *laches* of the holder, and that fact appears, there must be, in order to render him liable, clear proof that the promise was made with a full knowledge of such *laches.* Edwards on Bills and Promissory Notes, 650, 651; 1 Parsons on Bills and Notes, 2d ed. 601; 2 Daniel on Negotiable Instruments, § 1149; *Tebbetts* v. *Dowd*, 23 Wend. 379; *Thornton* v. *Wynn*, 12 Wheat. 183; *Low* v. *Howard*, 11 Cush. 268; *Edwards* v. *Tandy*, 36 N. H. 540. We feel bound by this rule as stated, and under it we think the defendant is entitled to a new trial.

We decide the case simply on the testimony as allowed, without considering the matter which is in controversy between the parties.                  *Petition granted.*

*Charles H. Page & Franklin P. Owen,* for plaintiff.

*Edwin C. Pierce,* for defendant.